### SKINNER v. CAMPBELL.

(District Court, S. D. Florida.   January 7, 1916.)

PATENTS ☞328—VALIDITY—ANTICIPATION.

The Crum patent, No. 764,919, for a fruit sorter, which separated the different sizes of fruit, such as oranges, by means of rollers turning in opposite directions, *held* invalid for lack of invention, being anticipated by the Huntley patent, No. 538,330.

In Equity.   Bill by Lee B. Skinner against J. P. Campbell.   On final hearing.   Bill dismissed.

L. W. Baldwin, of Jacksonville, Fla., and William Hunter and Munn & Munn, all of New York City, for complainant.

Marks, Marks & Holt, of Jacksonville, Fla., and McGill & Maguire, of Washington, D. C., for defendant.

CALL, District Judge.   This cause comes on for final hearing upon the bill of complaint, the answer thereto, stipulation of counsel, affidavits, and testimony taken before the court, together with the exhibits filed at the hearing.

The bill is filed to restrain in the infringement of patent No. 764,919, dated July 12, 1904, issued to James B. Crum, for a fruit sorter.

The answer tenders two issues: First, that the defendant's machine does not infringe the patent; and, second, that the patent to Crum is void because the invention and the worthy features were used by others and contained in prior patents.

By stipulation it is conceded that, if the Crum patent is valid, the machine manufactured by the defendant infringes claims 1, 3, and 6, of the said patent.

The testimony before me shows that one Huntley manufactured and sold machines for sizing oranges, etc., some 10 years before the issuing of the Crum patent, and obtained a patent for same—patent No. 538,330 on April 30, 1895.

This reduces the questions to be decided in this case to the issue of whether the Crum patent infringes the Huntley patent, and whether

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Crum machine embodies the principles contained in the Huntley machine.

The two machines were produced and operated before the court, and there is no question but that each machine will do the work for which it was intended; i. e., separate the different sizes of fruit, etc. Each machine depends for its operation on the two rollers in the double machine turning in opposite directions, the Huntley machine having these rollers above the trough carrying the fruit to be sized, and the Crum machine having them on the same plane and constituting one side of the trough. The Huntley machine depends upon the fruit coming in contract with the roller to separate it, while the Crum machine relies upon an overhead board to check the fruit and discharge it. Each depends upon the law of gravity to carry the fruit through the machine. The idea embodied in each machine is to convey by gravity the fruit to the point in the machine where its course will be checked, and the outward motion of the roller will act upon it and discharge it in its proper place. There are structural differences, but these in my judgment are not so radical as to prevent an infringement by the latter machine on the prior patent.

I therefore find that the Crum patent is invalid, and since the right of the plaintiff to recover depends upon the validity of this patent, his bill of complaint must be dismissed, with costs to the defendant.

It will be so ordered.